Darren J. Quinn (149679)
Alexander E. Papaefthimiou (236930)
LAW OFFICES OF DARREN J. QUINN
12702 Via Cortina, Suite 105
Del Mar, CA 92014
Tel: (858) 509-9401

*Attorneys for Defendants Douglas Firestone
and Candice Firestone*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD A. NEWCOMB, as Minority Member of Aqua Genesis Ltd. (NV), and as majority member of World Wide Assets LLC (DE), and Autek, LLC (CA) owned by World Wide Assets LLC, together, <br><br> Plaintiff, <br><br> v. <br><br> DOUGLAS FIRESTONE, as an individual, and as controlling Majority Member and COO of Aqua Genesis Ltd. (NV), CANDICE (LOWERY) FIRESTONE, and DENNIS LOWERY, together, <br><br> Defendants. | CASE NO. **08-cv-1161-H (POR)** <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS, FOR A MORE DEFINITE STATEMENT, AND TO STRIKE** <br><br> [Fed. Rul. Civ. Proc. 12(b), (e) and (f)] <br><br> Date:        September 2, 2008 <br><br> Time:        10:30 a.m . <br><br> Courtroom:   13 <br><br> Judge:       Hon. Marilyn L. Huff |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Tuesday, September 2, 2008 at 10:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 13 of the above-entitled Court, located at 940 Front Street, San Diego, California 92101, defendants DOUGLAS FIRESTONE and CANDICE (LOWERY) FIRESTONE will, and hereby do, move the Court as follows:

1. For dismissal of the Complaint filed herein, pursuant to Fed. Rule. Civ. Proc. 12(b)(1), on the basis that this Court lacks subject matter jurisdiction;

2. For dismissal of the first, second, fourth, fifth, and sixth causes of action in the Complaint, pursuant to Fed. Rule. Civ. Proc. 12(b)(1), on the basis that said causes of action fail to state a claim upon which relief may be granted;

3. For a more definite statement of the first, third, and fifth causes of action in the Complaint, pursuant to Fed. Rule. Civ. Proc. 12(e), on the grounds that said claims are so vague and ambiguous that defendants cannot reasonably prepare a response; and

4. To strike plaintiff's claim for damages under Cal. Bus. Prof. Code §17200, as well as other immaterial, impertinent, and/or inflammatory matters in the Complaint, pursuant to Fed. Rul. Civ. Proc. 12(f).

This motion is and will be based upon this Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities, all pleadings and papers on file in this action, all matters of which the Court takes judicial notice, and such other matters as may be presented to the Court at the time of the hearing.

Dated: July 28, 2008

Respectfully submitted by,

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN
ALEXANDER E. PAPAEFTHIMIOU


   s/s Alexander E. Papaefthimiou
     Alexander E. Papaefthimiou

1   12702 Via Cortina, Suite 105
    Del Mar, CA 92014
2   Telephone: (858) 509-9401

3   *Attorneys for Defendants Douglas Firestone*
    *and Candice Firestone*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

    I am employed in the County of San Diego, State of California.  I am over the age of 18 and am not a party to the within action; my business address is: <u>12702 Via Cortina, Suite 105, Del Mar, CA 92014</u>.

3

    I served the foregoing documents described as:

4

    –   **NOTICE OF MOTION AND MOTION TO DISMISS, FOR A MORE**

5

        **DEFINITE STATEMENT, AND TO STRIKE** [Fed. Rul. Civ. Proc. 12(b), (e) and (f)]; and

6

    –   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

7

        **MOTION TO DISMISS, FOR A MORE DEFINITE STATEMENT, AND TO STRIKE**

8

[Fed. Rul. Civ. Proc. 12(b), (e) and (f)]

9

upon the interested parties in this action by placing

10

    [] the original enclosed in a sealed envelope to:

11

    [X] copies enclosed in sealed envelopes to:

12

Ronald A. Newcomb

13

5514 Waring Road
San Diego, California 92120

14

[X]    **VIA REGULAR MAIL** by depositing such envelope with United States Postal Service facility in San

15

Diego, California with postage fully prepaid.

16

[]    **VIA FACSIMILE**

17

[]    **VIA HAND DELIVERY**

18

[]    **VIA OVERNIGHT DELIVERY** by depositing such envelope into a California Overnight deposit box.

19

    I certify under penalty of perjury under the laws of the State of California and the laws of the United States that the foregoing is true and correct.

20

Dated:   July 28, 2008 at Del Mar, California.

21

22

                    s/s Alexander E. Papaefthimiou

                      Alexander E. Papaefthimiou

23

24

25

26

27

28

1  Darren J. Quinn (149679)
   Alexander E. Papaefthimiou (236930)
2  LAW OFFICES OF DARREN J. QUINN
   12702 Via Cortina, Suite 105
3  Del Mar, CA 92014
   Tel: (858) 509-9401
4
5  *Attorneys for Defendants Douglas Firestone*
   *and Candice Firestone*
6
7
8              **UNITED STATES DISTRICT COURT**
9             **SOUTHERN DISTRICT OF CALIFORNIA**
10
11  RONALD A. NEWCOMB, as Minority )    CASE NO. **08-cv-1161-H (POR)**
    Member of Aqua Genesis Ltd. (NV), and as )
12  majority member of World Wide Assets LLC )  **MEMORANDUM OF POINTS AND**
    (DE), and Autek, LLC (CA) owned by World )  **AUTHORITIES IN SUPPORT OF**
13  Wide Assets LLC, together,            )  **MOTION TO DISMISS, FOR A**
                                         )  **MORE DEFINITE STATEMENT,**
14              Plaintiff,               )  **AND TO STRIKE**
                                         )
15          v.                           )  [Fed. Rul. Civ. Proc. 12(b), (e), and (f)]
                                         )
16  DOUGLAS FIRESTONE, as an individual, )
    and as controlling Majority Member and )  Date:        September 2, 2008
17  COO of Aqua Genesis Ltd. (NV), CANDICE )
    (LOWERY) FIRESTONE, and DENNIS        )  Time:        10:30 a.m
18  LOWERY, together,                     )
                                         )  Department:  14
19              Defendants.              )
    _____      )  Judge:       Hon. Marilyn L. Huff
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

I.   THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER
     JURISDICTION [Rule 12(b)(1)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     A.   This Court Lacks Diversity Jurisdiction  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     B.   This Court Lacks Federal Question Jurisdiction  . . . . . . . . . . . . . . . . . . . . . . . 3

II.  THE COMPLAINT, AND THE CAUSES THEREIN, SHOULD BE DISMISSED FOR
     FAILURE TO STATE A CLAIM [Rule 12(b)(6)]  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     A.   Plaintiff's First Cause Of Action For Unfair Competition  . . . . . . . . . . . . . . . . 5

     B.   Plaintiff's Second Cause Of Action For Interference With Prospective Economic
          Advantage  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     C.   Plaintiff's Fourth Cause Of Action For "Civil Conspiracy, Aiding And Abetting"
          . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     D.   Plaintiff's Fifth Cause Of Action For "Copyright Infringement, Conversion"  . . . 8

     E.   Plaintiff's Sixth Cause Of Action For Negligent Misrepresentation . . . . . . . . . . 9

III. IN THE EVENT THE COMPLAINT IS NOT DISMISSED, PLAINTIFF SHOULD BE
     REQUIRED TO GIVE A MORE DEFINITE STATEMENT OF HIS CLAIMS [Rule
     12(e)]  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IV.  MOTION TO STRIKE [Rule 12(f)]  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Statutes:</u>

15 U.S.C. §15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. §1332(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

17 U.S.C. §106 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fed. Rul. Civ. Proc 12(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. Rul. Civ. Proc. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. Rul. Civ. Proc. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. Rul. Civ. Proc. 12(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fed. Rul. Civ. Proc. 17(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

Fed. Rul. Civ. Proc. 8(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

<u>Cases:</u>

*Anderson v. District Bd. of Trustees of Cent. Fla. Community College*,
77 F.3d 364 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Applied Equip. Corp. v. Litton Saudi Arabia*,
7 Cal. 4th 503 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Aulson v. Blanchard*,
83 F.3d 1 (1st Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bautista v. Los Angeles County*,
216 F.3d 837 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Bender v. Suburban Hosp.*,
159 F.3d 186 (4th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Bracamonte v. Prob. Dep't of the County of Sacramento*,
2008 U.S. Dist. LEXIS 19075 (E.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*Bradley v. Chiron Corp.*,
136 F.3d 1317 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8, 10

*Brokaw v. Qualcomm, Inc.*,
2002 U.S. Dist. LEXIS 27808 (S.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

*Calhoun v. Washington*,
2008 U.S. Dist. LEXIS 52151(Dist. Wash. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

28

*Californians for Disability Rights v. Mervyn's, LLC,*
39 Cal. 4th 223 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Cargill Inc. v. Progressive Dairy Solutions, Inc.,*
2008 U.S. Dist. LEXIS 46972 (E.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Cruz v. PacifiCare Health Systems, Inc.,*
30 Cal. 4th 303 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ellis v. SmithKline Beecham Corp.,*
2007 U.S. Dist. LEXIS 90138 (Dist. Wash. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Feist Pub, Inc. v. Rural Tel. Serv. Co., Inc.,*
499 U.S. 340 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Foster Poultry Farms, Inc. v. IBM Corp.,*
2006 U.S. Dist. LEXIS 73378 (E.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Hart v. Avedovech,*
2001 U.S. Dist. LEXIS 24806 (Dist. Or. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re DeLorean Motor Co.,*
991 F.2d 1236 (6th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Kantor v. Wellesley Galleries, Ltd.,*
704 F.2d 1088 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Khoury v. Maly's of Cal.,*
14 Cal. App. 4th 612 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Kling v. Hallmark Cards, Inc.,*
225 F.3d 1030 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
511 U.S. 375 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Korea Supply Co. v. Lockheed Martin Corp,*
29 Cal.4th 1134 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Lattanzio v. COMTA,*
481 F.3d 137 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Lyon v. City of Sacramento,*
2007 U.S. Dist. LEXIS 89880 (E.D.C.A. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Mintel Learning Tech., Inc. v. Beijing Kaidi Education,*
2007 U.S. Dist. LEXIS 59946 (N.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Morongo Band of Mission Indians v. California State Bd. of Equalization,*
858 F.2d 1376 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Munoz v. Small Business Admin.,*
644 F.2d 1361 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Orff v. United States,*
358 F.3d 1137 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Renne v. Geary,*
501 U.S. 312 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Rowland v. California Men's Colony,*
506 U.S. 194 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*S.O.S., Inc., v. Payday, Inc.,*
886 F.2d 1081 (9th Cir.1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.,*
806 F.2d 1393 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8, 10

*Sheehan v. Gustafson,*
967 F.2d 1214 (8th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Shell Petroleum, N.V. v. Graves,*
709 F.2d 593 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Silicon Knights v. Crystal Dynamics,*
983 F Supp 1303 (N.D. Cal. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Transphase Sys. v. Southern Cal. Edison Co.,*
839 F. Supp. 711 (C.D. Cal. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*True v. Am. Honda Motor Co.,*
520 F. Supp. 2d 1175 (C.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Webzero, LLC v. Clicvu, Inc.,*
2008 U.S. Dist. LEXIS 33124 (C.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Weisbuch v. County of Los Angeles,*
119 F.3d 778 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Wilkerson v. Butler,*
229 F.R.D. 166 (E.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Yokeno v. Mafnas,*
973 F.2d 803 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

<u>Court Rules:</u>
Civ LR 3.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

1  Defendants DOUGLAS FIRESTONE ("Mr. Firestone") and CANDICE (LOWERY)

2  FIRESTONE ("Mrs. Firestone") respectfully submit the following memorandum of points and

3  authorities in support of their motion to dismiss, for a more definite statement of, and to strike

4  portions of the Complaint filed herein by RONALD A. NEWCOMB ("Newcomb") as a purported

5  minority member of Aqua Genesis Ltd. ("Aqua Genesis") and purported majority member of World

6  Wide Assets, Ltd. ("WWA") and Autek LLC ("Autek").

7  **I.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT**
   **MATTER JURISDICTION [Rule 12(b)(1)]**

8

9  Fed. Rul. Civ. Proc. 12(b)(1) provides that a responding party may move to dismiss a

10  complaint against it on the grounds that the Court lacks subject matter jurisdiction.  As subject

11  matter jurisdiction must exist at the time the case is commenced, a Court "is powerless to grant leave

12  to amend when it lacks jurisdiction over the original complaint." *Morongo Band of Mission Indians*

13  *v. California State Bd. of Equalization*, 858 F.2d 1376, 1380-1381 (9th Cir. 1988) (Emphasis added);

14  *Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir. 2004); *Lyon v. City of Sacramento*, 2007 U.S.

15  Dist. LEXIS 89880 at *8 (E.D.C.A. 2007) *citing Hagans v. Lavine*, 415 U.S. 528, 542-43 (1974).

16  Plaintiff bears the burden of proving that his Complaint establishes subject matter

17  jurisdiction:

18  > Federal courts are courts of limited jurisdiction. They possess only that power
   > authorized by Constitution and statute, *see Willy v. Coastal Corp.*, 503 U.S. 131,
   > 136-137, 117 L. Ed. 2d 280, 112 S. Ct. 1076 (1992); *Bender v. Williamsport Area*
19  > *School Dist.*, 475 U.S. 534, 541, 89 L. Ed. 2d 501, 106 S. Ct. 1326 (1986), which is
   > not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341
20  > U.S. 6, 95 L. Ed. 702, 71 S. Ct. 534 (1951). It is to be presumed that a cause lies
   > outside this limited jurisdiction, *Turner v. Bank of North-America*, 4 U.S. 8, 4 Dall.
21  > 8, 11, 1 L. Ed. 718 (1799), and the burden of establishing the contrary rests upon the
   > party asserting jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S.
22  > 178, 182-183, 80 L. Ed. 1135, 56 S. Ct. 780 (1936).

23  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) (Emphasis added); *Renne v. Geary*,

24  501 U.S. 312, 316 (1991) ("it is the responsibility of the complainant clearly to allege facts

25  demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise

26  of the court's remedial powers").  As plaintiff bears the burden, the Complaint **must** contain "a short

27  and plain statement of the grounds for the court's jurisdiction." Fed. Rul. Civ. Proc. 8(a).

28

1

Plaintiff attempts to meet his burden by way of the following allegation of jurisdiction:

2

3

This complaint involves parties with residences in California and Nevada, torts which may have been committed in California and Nevada, and companies in California, Nevada, and Delaware, and the amount of damaged [sic] claimed exceeds $1,000,000.

4

5

Complaint at Pg.1 (Emphasis added).  Neither this allegation, nor any other allegation in plaintiff's

6

Complaint, identifies **any** statute or provision of the Constitution that vests this Court with

7

jurisdiction of this action.  Therefore, defendant's motion to dismiss must be granted without leave

8

to amend as a matter of law.

9

**A.     This Court Lacks Diversity Jurisdiction**

10

Assuming, *arguendo*, that plaintiff's Civil Case Cover Sheet may properly be considered by

11

the Court, plaintiff's stated basis for jurisdiction is diversity [Docket No. 1 at p. 21 of 22].   *See*

12

*Foster Poultry Farms, Inc. v. IBM Corp.*, 2006 U.S. Dist. LEXIS 73378 at *32 (E.D. Cal. 2006)

13

("the civil cover sheet requirement is solely for administrative purposes, and matters appearing only

14

on the civil cover sheet have no cognizable effect in the action."); *See* Civ LR 3.1 (Civil Cover Sheet

15

for "administrative purposes only").

16

Diversity jurisdiction is proper when "the matter in controversy exceeds the sum or value of

17

$ 75,000, exclusive of interest and costs" and the action is between "citizens of different states." 28

18

U.S.C. §1332(a).  The diversity statute, 28 U.S.C. §1332, is to be strictly construed, and any doubt

19

as to whether jurisdiction exists should be resolved against such a finding. *Sheehan v. Gustafson*,

20

967 F.2d 1214, 1215 (8th Cir. 1992); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th

21

Cir. 1983).

22

The statute requires complete diversity, meaning that jurisdiction is only proper if the

23

plaintiff is a citizen of a different state than each of the defendants. *Munoz v. Small Business Admin.*,

24

644 F.2d 1361, 1365 (9th Cir. 1981).   Lack of diversity between the plaintiff and a **single**

25

**defendant** is sufficient to defeat diversity jurisdiction. *Id.*  "To show state citizenship for diversity

26

purposes under federal common law a party must (1) be a citizen of the United States, and (2) be

27

domiciled in the state." *Kantor*, 704 F.2d at 1090.

28

1      Plaintiff's Complaint must be dismissed because it does not allege facts sufficient to support

2  a finding of diversity jurisdiction.  As a preliminary matter, the Complaint fails to allege the state

3  of plaintiff's citizenship and, therefore, lacks information necessary to support a finding of diversity

4  jurisdiction.   It should also be noted that none of plaintiff's allegations regarding the citizenship of

5  defendants is sufficient for the purpose of establishing diversity jurisdiction, as plaintiff fails to

6  allege that any of the defendants are citizens of the United States. *Kantor*, 704 F.2d at 1090.  As for

7  Mr. Lowery, the Complaint fails to make any allegation as to his residence and concedes that his

8  address is "unknown." Id at ¶21.

9      Again assuming, *arguendo*, that the Court may properly consider plaintiff's Civil Case Cover

10  Sheet, plaintiff identifies himself as a resident of California.  Remarkably, in the section of the

11  Complaint entitled "The Parties," **plaintiff alleges that both Mr. Firestone and Mrs. Firestone**

12  **reside in Santee, California**. Complaint ¶¶19-20.  The summons identifies that defendant Douglas

13  Firestone and Candace Firestone were served in California. [Docket Nos. 3 and 3].  Based on the

14  above, it is clear that diversity jurisdiction is lacking.

15      **B.      This Court Lacks Federal Question Jurisdiction**

16      "To invoke federal question jurisdiction, plaintiff <u>must</u> plead that defendant has violated

17  some constitutional or statutory provision." *Hart v. Avedovech*, 2001 U.S. Dist. LEXIS 24806 at *3

18  (Dist. Or. 2001) (Emphasis added).  As plaintiff has failed to do so, he cannot rely upon federal

19  question jurisdiction as a matter of law.  In fact, the Complaint does not so much as mention any

20  federal statute or constitutional provision.

21      *If* the Cover Sheet may be considered, it lists the statute under which plaintiff is filing as 15

22  U.S.C. §15(a), which provides for jurisdiction over cases brought by persons injured "by reason of

23  anything forbidden in the <u>antitrust laws</u>." (Emphasis added).  This statute cannot support jurisdiction,

24  as the Complaint entirely fails to plead any matter that indicates defendants have done anything

25  "forbidden in the antitrust laws."

26      Only plaintiff's "Copyright/Conversion" claim (5th Cause of Action) appears to have any

27  relation to federal law.  As a preliminary matter, the Complaint fails to properly plead the copyright

28

jurisdiction statute.  More importantly, to the extent plaintiff's "Copyright/Conversion" claim is construed to be a claim for copyright infringement,[1] "jurisdiction under §1331 is unavailable where the federal claim is <u>patently without merit</u>." *Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992) (Emphasis added).  The fact that plaintiff Newcomb is not the real party in interest on this claim, and therefore lacks standing, clearly satisfies this standard. *See* Section II.D., *infra*.  In fact, plaintiff's Complaint admits that third-party Autek, **not plaintiff**, owns the alleged copyright(s) at issue. *See* Complaint at Pg.2:4-10, 3:3-5, and 5:15-16.

## II.    THE COMPLAINT, AND THE CAUSES THEREIN, SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM [Rule 12(b)(6)]

In the event this Court declines to dismiss the Complaint for lack of jurisdiction, it should dismiss the first, second, fourth, fifth, and sixth causes of action therein pursuant to Fed. Rul. Civ. Proc. 12(b)(6) on the grounds that they do not state a claim upon which relief can be granted.

While the Court normally accepts the allegations of a complaint as true in ruling on a motion to dismiss under Rule 12(b)(6), it need not accept as true conclusory allegations, legal characterizations, or unreasonable inferences. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Transphase Sys. v. Southern Cal. Edison Co.*, 839 F. Supp. 711, 718 (C.D. Cal. 1993). As stated by one Court, in deciding a motion to dismiss a Court need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

If the facts alleged in the Complaint establish that a plaintiff is not entitled to the relief requested on a challenged claim, then the Court must dismiss the claim without leave to amend.

---

[1]    It is unclear whether plaintiff's claim in one for copyright infringement or for declaratory relief based upon contractual ownership of intellectual property.  If it is the latter, it would fail to support subject matter jurisdiction. *Postal Instant Press v. Clark*, 741 F.2d 256, 257 (9th Cir. 1984) (no copyright jurisdiction over "dispute as to <u>ownership or contractual enforcement turning on the facts or on ordinary principles of contract law</u>." (Emphasis added).

1    *Bender v. Suburban Hosp.*, 159 F.3d 186, 192 (4th Cir. 1998) ("while notice pleading does not

2    demand that a complaint expound the facts, a plaintiff who does so is <u>bound by such exposition</u>")

3    (Emphasis added); *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 fn1 (9th Cir. 1997) ("If

4    the pleadings establish facts compelling a decision one way, that is as good as if depositions and

5    other expensively obtained evidence on summary judgment establishes the identical facts).  Leave

6    to amend must also be denied if the "allegation of other facts consistent with the challenged pleading

7    could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d

8    1393, 1401 (9th Cir. 1986).  In this regard, it should be noted that Courts disregard inconsistent facts

9    alleged in amended pleading as "false and sham." *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1324

10    (Fed. Cir. 1998).

11        As discussed more fully below, this Court should dismiss the first, second, fourth, fifth, and

12    sixth causes of action therein pursuant to Fed. Rul. Civ. Proc. 12(b)(6) on the grounds that they do

13    not state a claim upon which relief can be granted.  Defendants respectfully request that the second,

14    fourth, fifth, and sixth causes of action be dismissed without leave to amend.

15        **A.    Plaintiff's First Cause Of Action For Unfair Competition**

16        "A plaintiff alleging unfair business practices under the unfair competition statutes must state

17    <u>with reasonable particularity</u> the facts supporting the statutory elements of the violation." *Silicon*

18    *Knights v. Crystal Dynamics*, 983 F Supp 1303, 1316 (N.D. Cal. 1997); *Webzero, LLC v. Clicvu,*

19    *Inc.*, 2008 U.S. Dist. LEXIS 33124 at *26 (C.D. Cal. 2008); *Brokaw v. Qualcomm, Inc.*, 2002 U.S.

20    Dist. LEXIS 27808 at *12-*13 (S.D. Cal. 2002).  In order to meet this requirement, a plaintiff must

21    identify the "particular section of the statutory scheme which was violated" and "describe the

22    manner" in which the alleged violation occurred. *Khoury v. Maly's of Cal.*, 14 Cal. App. 4th 612, 619

23    (1993).  Vague references to "unfair, unlawful, and illegal practices" are insufficient. *Brokaw*, 2002

24    U.S. Dist. LEXIS 27809 at *26.

25        The Complaint's allegations that "Defendants violated California Business and Professions

26    Code Section 17200 by unfair competition" fails to identify the basis of plaintiff's claim with any

27    particularity, let alone the basis for plaintiff's claims against the individual defendants.  Plaintiff

28

neither identifies the particular section of the statutory scheme which was violated (was the alleged

business practice unlawful, unfair or fraudulent?) nor "describes the manner" in which the alleged

violation(s) occurred.[2]   This is especially pertinent given the apparent lack of any alleged

wrongdoing by Mrs. Firestone, who is alleged to have done nothing worse than "interjecting ideas."

Complaint, Pg.4:18-22.

### B.    Plaintiff's Second Cause Of Action For Interference With Prospective Economic Advantage

Plaintiff's cause of action for "tortuous [sic] interference with prospective economic

advantage" fails to state a claim because WWA, and not plaintiff Newcomb, is the real party in

interest.

"An action must be prosecuted in the name of the real party in interest." Fed. Rul. Civ. Proc.

17(a)(1).  The real party in interest is the one "to whom the relevant substantive law grants a cause

of action." *Bracamonte v. Prob. Dep't of the County of Sacramento*, 2008 U.S. Dist. LEXIS 19075

at *6 (E.D. Cal. 2008).  A claim for interference with prospective economic advantage requires, *inter

alia*, that there have been "an economic relationship between the plaintiff and some third party, with

the probability of future economic benefit to the plaintiff." *Korea Supply Co. v. Lockheed Martin

Corp*, 29 Cal.4th 1134, 1153 (2003).

As the Complaint clearly alleges that the economic relationship at issue was between the

Navy **and WWA**, plaintiff Newcomb cannot be the real party in interest and does not have standing,[3]

It is of no consequence that plaintiff is purportedly a shareholder of WWA:

---

[2]    It should be noted that "illegality" cannot be the basis of plaintiff's unfair competition claim, as none of plaintiff's other causes of action are incorporated therein.

[3]    *See* Complaint at Pg.11:8-10 ("WWA had a meeting...to discuss the use of its...technologies to the benefit of the United States Navy"); Pg.12:3-5 ("Mr. Lowery's unlawful interference in the company business is, in fact, a business tort"); Pg.12:10-11 ("it is liable [sic] and tortuous interference with the business of World Wide Assets LLC..."); and Pg.15:12-13 ("World Wide Assets LLC has an expectancy in continuing and [sic] advantageous economic relationship with the United States Navy...").

Generally, a shareholder does not have standing to redress an injury to the corporation. *Sherman v. British Leyland Motors, Ltd.*, 601 F.2d 429, 439-40 (9th Cir. 1979) (sole shareholder had no standing to assert either federal or state law claims); *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 846 (9th Cir. 1976) (majority shareholder may not assert state law claims despite economic injury to him); *Erlich v. Glasner*, 418 F.2d 226 (9th Cir. 1969) (sole shareholder could not maintain an action under 42 U.S.C. § 1983).

To have standing to maintain an action, a shareholder must assert more than personal economic injury resulting from a wrong to the corporation. *Von Brimer v. Whirlpool*, 536 F.2d at 846. A shareholder must be injured directly and independently of the corporation. *Id.*; *Erlich v. Glasner*, 418 F.2d at 228.

*Shell Petroleum, N.V. v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983). Plaintiff's allegations, which cannot be contradicted by later pleading, conclusively establish that he is not entitled to bring this claim and warrant dismissal without leave to amend. *Schreiber Distrib. Co.*, 806 F.2d at 1401 (leave to amend properly denied where "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency"); *Bradley*, 136 F.3d at 1324 (court disregards inconsistent facts alleged in amended pleading as "false and sham").

In the unlikely event this Court finds that plaintiff Newcomb has standing to pursue the interference claim of WWA, the Complaint fails to state a cause of action against all (or, at a minimum, some) of the defendants because it fails to allege the following required elements:

1.  Mrs. Firestone's knowledge of the purported relationship;

2.  Intentional acts on the part of Mr. Firestone or Mrs. Firestone designed to disrupt the purported relationship; and

3.  That the purported interference was "wrongful by some legal measure other than the fact of interference itself."

*See Korea Supply Co*, 29 Cal.4th at 1153.

### C.    Plaintiff's Fourth Cause Of Action For "Civil Conspiracy, Aiding And Abetting"

Plaintiff's claim for civil conspiracy as a distinct cause of action is improper. Simply put: "Conspiracy is not a cause of action." *Applied Equip. Corp. v. Litton Saudi Arabia*, 7 Cal. 4th 503, 511 (1994). Accordingly, plaintiff's "civil conspiracy" claim must be dismissed. *See Cargill Inc. v. Progressive Dairy Solutions, Inc.*, 2008 U.S. Dist. LEXIS 46972 at *56-*57 (E.D. Cal. 2008)

(dismissing separate claim for "civil conspiracy" as a matter of law); *Mintel Learning Tech., Inc. v. Beijing Kaidi Education*, 2007 U.S. Dist. LEXIS 59946 at *11 (N.D. Cal. 2007) (same).

**D.   Plaintiff's Fifth Cause Of Action For "Copyright Infringement, Conversion"**

The *prima facie* elements of a copyright infringement claim are: (1) <u>plaintiff owns</u> a valid copyright; and (2) the <u>defendant copied</u> constituent elements of the work that are original. *Feist Pub, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Kling v. Hallmark Cards, Inc.*, 225 F.3d 1030, 1037 (9th Cir. 2000). Both of these crucial allegations are missing from the Complaint.

In fact, the allegations in plaintiff's Complaint, which cannot be contradicted by later pleading, establish that **plaintiff does not own the asserted copyrights** and, therefore, is not the "real party in interest" and lacks standing to bring the claim. Fed. Rul. Civ. Proc. 17(a)(1); *See Bracamonte*, 2008 U.S. Dist. LEXIS 19075 at *6 (real party in interest is the one "to whom the relevant substantive law grants a cause of action"). Plaintiff's lack of standing is established by the following of his allegations:

1.  The copyright in the "specific design of a geothermal desalination device" is owned by Autek. Complaint at Pg.2:4-10;

2.  The copyright in the "evaporator design" is owned by Autek. Complaint at Pg.3:3-5; and

3.  Plaintiff's copyright claim is based upon the "evaporator design." Complaint at Pg.5:15-16.

It is of no consequence that plaintiff is purportedly a shareholder of Autek. *Shell Petroleum, N.V.*, 709 F.2d at 595 (shareholder generally does not have standing to redress an injury to the corporation). As the foregoing allegations cannot be contradicted by plaintiff's later pleadings, the fifth cause of action in the Complaint should be dismissed without leave to amend. *Schreiber Distrib. Co.*, 806 F.2d at 1401; *Bradley*, 136 F.3d at 1324.

The Complaint also fails to allege that defendants "copied" the alleged copyright(s) at issue. The Ninth Circuit considers the word "copying" as "shorthand" for the various activities that may infringe "any of the copyright owner's . . . exclusive rights described at 17 U.S.C. § 106." *S.O.S.,*

*Inc., v. Payday, Inc.*, 886 F.2d 1081, 1085 n.3 (9th Cir.1989).  These exclusive rights are:

    1.      To reproduce the copyrighted work in copies or phonorecords;

    2.      To prepare derivative works based upon the copyrighted work;

    3.      To distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

    4.      In the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;

    5.      In the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and

    6.      in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. §106.  Plaintiff's vague reference to defendants' "use" of the alleged copyrights at issue fails to allege conduct that violates 17 U.S.C. §106 and, therefore, the Complaint must be dismissed. *See* Complaint, Pg.5:14-16, Pg.18:8-10.

    **E.    Plaintiff's Sixth Cause Of Action For Negligent Misrepresentation**

    The tort of negligent misrepresentation requires, *inter alia*, (1) that the defendant have made a representation with the intent that the **plaintiff** rely upon it, and (2) that the **plaintiff** have actually relied upon the representation. *Brokaw*, 2002 U.S. Dist. LEXIS 27808 at *5.

    Plaintiff fails to allege any statement made to him, reliance by him, or intent on the part of defendants that plaintiff rely on the purported false statements.  In fact, the Complaint states that the alleged negligent misrepresentations were not made to plaintiff Newcomb at all, but were allegedly **made to third parties**.[4]  These allegations, which cannot be contradicted by later pleading,

---

[4]    *See* Complaint at Pg.18:20-21 ("When Defendant Lowery made representations to both the Navy and to San Diego State University, he had no reasonable grounds for believing them to be true..."), Pg.11:12-16 ("Mr. Dennis Lowery had called the offices of Naval Region Southwest and...[made] false and reckless statements of

1    conclusively establish that plaintiff is not entitled to bring this claim and warrant dismissal without

2    leave to amend. *Schreiber*, 806 F.2d at 1401; *Bradley*, 136 F.3d at 1324.  Furthermore, plaintiff fails

3    to allege any purported negligent misrepresentations made by Mr. Firestone or Mrs. Firestone.  The

4    claim against Mr. and Mrs. Firestone must be dismissed upon this additional ground.

5    **III.    IN THE EVENT THE COMPLAINT IS NOT DISMISSED, PLAINTIFF
         SHOULD BE REQUIRED TO GIVE A MORE DEFINITE STATEMENT
6        OF HIS CLAIMS [Rule 12(e)]**

7                Fed. Rul. Civ. Proc. 12(e) provides, in part: "A party may move for a more definite statement

8    of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the

9    party cannot reasonably prepare a response."  A motion under Rule 12(e) should be granted when

10   a Complaint "neither is sufficient to inform the court, nor the parties, <u>what specific claims plaintiff</u>

11   <u>is attempting to raise, and which facts pertain to which claim</u>." *Calhoun v. Washington*, 2008 U.S.

12   Dist. LEXIS 52151 at *3 (Dist. Wash. 2008) (Emphasis added); *Ellis v. SmithKline Beecham Corp.*,

13   2007 U.S. Dist. LEXIS 90138 at *9 (Dist. Wash. 2007) (dismissing *pro se* complaint when "[t]he

14   Court and Defendant cannot discern with any certainty which allegations support which cause of

15   action, or which allegations support alleged violations of the numerous laws Plaintiff cites"); *See*

16   *True v. Am. Honda Motor Co.*, 520 F. Supp. 2d 1175, 1179 (C.D. Cal. 2007) (motion properly

17   granted "where the complaint is so general that ambiguity arises in determining the nature of the

18   claim or the parties against whom it is being made").

19               "Shotgun pleadings," such as plaintiff's Complaint, are especially susceptible to attack under

20   Rule 12(e):

21           [Plaintiff]'s complaint is a perfect example of "shotgun" pleading, *see Pelletier v.*
             *Zweifel*, 921 F.2d 1465, 1518 (11th Cir.), *cert. denied*, 502 U.S. 855, 112 S. Ct. 167,
22           116 L. Ed. 2d 131 (1991), in that <u>it is virtually impossible to know which allegations</u>
             <u>of fact are intended to support which claim(s) for relief.</u> Under the Federal Rules of
23           Civil Procedure, a defendant faced with a complaint such as [Plaintiff]'s <u>is not</u>
             <u>expected to frame a responsive pleading.</u> Rather, the defendant is expected to move
24           the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite
             statement. Where, as here, the plaintiff asserts multiple claims for relief, a more
25           definite statement, if properly drawn, will present each claim for relief in a separate
             count, as required by Rule 10(b), and with such clarity and precision that the
26           defendant will be able to discern what the plaintiff is claiming and to frame a

27   _____

28   fact").

1    responsive pleading.

2    *Anderson v. District Bd. of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 366 (11th Cir.

3    1996) (Emphasis added); *See Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000)

4    ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery

5    is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society

6    loses confidence in the court's ability to administer justice") *citing Anderson*.

7         **A.    The Parties Are Uncertain**

8         Defendants cannot reasonably be expected to frame a response to plaintiff's Complaint.,

9    because the  parties are uncertain.

10        Plaintiff purports to bring his Complaint "for himself and others," yet fails to identify these

11   "others."  Assuming the "others" include Autek and WWA, plaintiff's attempted representation is

12   improper. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993) ("a corporation may

13   appear in the federal courts only through licensed counsel").  It makes no difference that plaintiff

14   purports to be brining this action as a majority member of WWA and Autek. *Lattanzio v. COMTA*,

15   481 F.3d 137, 139 (2007) ("a sole member limited liability company must be represented by counsel

16   to appear in federal court").

17        Furthermore, Aqua Genesis is mentioned in the Complaint as a party, yet does not appear in

18   the caption. Complaint at Pg.14:16-17.  If Aqua Genesis is a party, is it a plaintiff or a defendant?

19        Also, the defendant(s) on plaintiff's Sixth Claim for Relief (Negligent Misrepresentation)

20   are unclear, as the claim is brought against "All Defendant Lowery." Complaint, Pg.18:17.  Are all

21   defendants parties to this claim?

22        **B.    Plaintiff's Claims Are Uncertain**

23        Plaintiff asserts ten (10) claims for relief on the title page of his Complaint, yet only includes

24   sections for six (6).

25        Furthermore, plaintiff's "Negligent Management of Intellectual Property Rights Minority

26   Members" and "Copyright, Conversion" claims are uncertain as to the legal basis for the recovery

27   sought.

28

1    Plaintiff also interchangeably uses the terms "copyright," "IP" and "trade secret." The exact

2    nature of the "IP" must be set forth.

3    Finally, it is impossible for defendant to ascertain which of the Complaint's myriad

4    allegations are intended to support which claim for relief. This is made especially difficult by

5    plaintiff's "shotgun pleading," exemplified by the fact the Complaint contains fourteen (14) pages

6    of allegations of both fact and law that are incorporated into each of plaintiff's six (6) claims. As

7    discussed below, a motion to strike is requested as to all "any redundant, immaterial, impertinent,

8    or scandalous matter." Fed. Rul. Civ. Proc 12(f)

9    **IV.    MOTION TO STRIKE [Rule 12(f)]**

10    Pursuant to Fed. Civ. Proc 12(f), a party may move to strike from the opposing party's

11    pleading "any redundant, immaterial, impertinent, or scandalous matter." The scope of Rule 12(f)

12    was recently explained by one Court of this Circuit:

13    A "redundant" matter consists of allegations that constitute a needless repetition of
      other averments or which are foreign to the issue to be denied. *Gilbert v. Eli Lilly &*
14    *Co., Inc.*, 56 F.R.D. 116, 120, n.4 (D. P.R. 1972); *Manhattan Fire and Marine Ins.*
      *Co. v. Nassau Estates II*, 217 F.Supp. 196 (D. N.J. 1963). An "immaterial" matter
15    has no essential or important relationship to the claim for relief or defenses pleaded.
      *Fantasy, Inc.*, 984 F.2d at 1527; *Gilbert*, 56 F.R.D. at 120, n.5; *Fleischer v. A.A.P.,*
16    *Inc.*, 180 F.Supp. 717 (D. Pa. 1958). A statement of unnecessary particulars in
      connection with and descriptive of a material matter may be stricken as "immaterial."
17    *Gilbert*, 56 F.R.D. at 120, n. 5; *Burke v. Mesta Mach. Co.*, 5 F.R.D. 134 (D.C. Pa.
      1946). Superfluous historical allegations are properly subject to a motion to strike.
18    *Fantasy, Inc.*, 984 F.2d at 1527; see, e.g., *Healing v. Jones*, 174 F.Supp. 211, 220 (D.
      Az. 1959).
19
      An "impertinent" allegation is neither responsive nor relevant to the issues involved
20    in the action and which could not be put in issue or given in evidence between the
      parties. *Gilbert*, 56 F.R.D. at 120, n.6; *Burke*, 5 F.R.D. 134. An "impertinent" matter
21    consists of statements that do not pertain and are unnecessary to the issues in
      question. *Fantasy, Inc.*, 984 F.2d at 1527. A "scandalous" matter [**10] improperly
22    casts a derogatory light on someone, usually a party. *Skadegaard v. Farrell*, 578
      F.Supp. 1209, 1221 (D. N.J. 1984); *Gilbert*, 56 F.R.D. at 120, n. 7; *Martin v. Hunt*,
23    28 F.R.D. 35 (D. Mass. 1961). Allegations may be stricken as scandalous if the
      matter bears no possible relation to the controversy or may cause the objecting party
24    prejudice. *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir.
      1992); *see Beck v. Cantor, Fitzgerald & Co.*, 621 F.Supp. 1547, 1565 (N.D. Ill.
25    1985).

26    *Wilkerson v. Butler*, 229 F.R.D. 166, 170. Furthermore, "[a] motion to strike is appropriate to

27    address requested relief, such as punitive damages, which is not recoverable as a matter of law." *Id*

28

at 172.

### A.    The Court Should Strike All "Damage" Allegations In Plaintiff's Claim for Violation of Cal. Bus. & Prof. §17200

Defendants move to strike plaintiff's allegation of and request for damages and punitive damages in his claim under Cal. Bus. Prof. Code §17200 (First Claim for Relief). Complaint at ¶¶26-27.

Damages, let alone punitive damages, are not recoverable under Section 17200 as a matter of law. *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 232 (2006) ("Now, as before, no one may recover damages under [Section 17200]"); *Cruz v. PacifiCare Health Systems, Inc.*, 30 Cal. 4th 303, 317 (2003) ("A UCL action is equitable in nature; damages cannot be recovered. [Citation.] . . . '[P]revailing plaintiffs are generally limited to injunctive relief and restitution.' ")

### B.    If Leave To Amend Is Granted, The Court Should Warn Plaintiff To Delete All "Redundant, Immaterial, Impertinent, or Scandalous matter" From Any Amended Complaint

Plaintiff's Complaint contains fourteen pages of allegations incorporated into each of plaintiff's claims that largely constitutes "redundant, immaterial, impertinent, or scandalous matter" within the meaning of Fed. Rul. Civ. Proc 12(f).

In the event the Court grants plaintiff leave to amend, defendants request the court to caution plaintiff about including any "redundant, immaterial, impertinent, or scandalous matter" within the meaning of Fed. Rul. Civ. Proc 12(f).

//

//

## V.    CONCLUSION

Based upon the foregoing, defendants respectfully request that this Court dismiss the Complaint against them without leave to amend.  In the alternative, defendants respectfully request that this Court dismiss the individual claims in the Complaint with prejudice.  In the event the Court allows plaintiff leave to amend, defendants respectfully request that plaintiff be required to provide a more definite statement of his claims and omit the all redundant, immaterial, impertinent, and

1   inflammatory allegations from his amended complaint.

2   Dated: July 28, 2008

                                    Respectfully submitted by,
3
                                    LAW OFFICES OF DARREN J. QUINN
4                                   DARREN J. QUINN
                                    ALEXANDER E. PAPAEFTHIMIOU
5

6                                        s/s Alexander E. Papaefthimiou
                                        Alexander E. Papaefthimiou
7
                                    12702 Via Cortina, Suite 105
8                                   Del Mar, CA 92014
                                    Telephone: (858) 509-9401
9
                                    *Attorneys for Defendants Douglas Firestone*
10                                  *and Candice Firestone*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28