```
1   Ronald A. Newcomb, Pro se
    5514 Waring Rd
2   San Diego, CA 92120-1952
    Telephone (619) 501-1800
3
```

FILED

08 SEP -2 AM 11:26

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT of CALIFORNIA

| | |
|---|---|
| Plaintiff,<br>Ronald A. Newcomb, as Minority Member of Aqua Genesis Ltd.(NV), and as majority member of World Wide Assets LLC (DE), and Autek LLC.(CA) owned by World Wide Assets LLC, together,<br><br>v.<br><br>Defendants<br>Douglas Firestone, as an individual, and as controlling Majority Member and COO of Aqua Genesis Ltd. (NV), Candice(Lowery) Firestone, and Dennis Lowery, together, the "Defendants" | Case No.: 08cv1161 H POR<br><br>MEMORANDUM OF THE PLAINTIFF IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS |

### Introduction

The Plaintiff brings this case before the court to stop and correct the tortuous interference of the defendants in the lawful business of the Plaintiff and to ensure the rights of Plaintiff do not continue to be violated both during and after trial. The Defendants have clearly and maliciously interfered with that lawful business as they well know and now seek to dismiss the complaint in a thinly veiled attempt to avoid answering the complaint and confronting their own unlawful behavior. The witnesses to this series of torts are highly qualified people in their field and the facts they will represent to the court are clear, concise, and the acts perpetrated against the Plaintiff are indefensible as their council well knows. The arrogance of the Firestone's in simply attempting to dismiss this case is more evidence of their cavalier attitude toward the rights of others which resulted in the complaint in the first place and delaying the action merely extends the time related damages and waists the courts time.

## Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) questions the court's jurisdiction of this case as the defendants foist on the court in the Memorandum of Points and Authorities in Support of Motion to Dismiss, for a More Definitive Statement, and to Strike, even though, as the defendants well know since the legal residence of the Firestones is the state of Nevada as evidenced by Douglas Firestone's driver's license, entered into under penalty of perjury, that they legally reside in Nevada, the court indeed has cross the border Federal jurisdiction. Is the Defendant now admitting to a Federal Judge that he perjured his statement to the Secretary of the State of Nevada under the defense that the Plaintiff claims, and proved by service of process to their second home, that they at times reside in California? Is he admitting to the IRS that this was done merely for the tax advantage and that they in fact reside in California but legally reside in Nevada only for IRS purposes? Nevertheless, his legal address, as he well knows is Nevada, and mind, California. Surely Firestone, whose business address was at the Plaintiff's home for four years knows where the Plaintiff lives so there is not confusion there. Surely he knows Aqua Genesis LLC which he operates from is in Nevada since he is now the in-state agent for the LLC and he formed the entity. Point of fact, the complaint contains the following on P.14, II. The Parties

    18) Ronald A. Newcomb, Minority member of Aqua Genesis Ltd. (NV), Majority Member of World Wide Assets LLC (owner of Autek LLC and successor to Global Trade Services LLC), 5514 Waring Rd., San Diego, CA 92120.

    19) Douglas B. Firestone, legal residence, 344 Cascade Mist Avenue, Las Vegas, NV 89123 but shown by Clark County Records of Parcel Number 177-21-613-029 to be residing at 9182 Tonya Lane, Santee, CA 92071 as an individual and as Trustee of the Firestone Trust.

This is clear enough for the common person speaking plain English to understand, it is disingenuous and dishonest for the defendant to hide behind an ignorant or misinformed Counsel, Mr. Papaefthimiou and claim not to understand these simple facts, or is Mr. Papaefthimiou claiming ignorance of his client's knowledge or state of affairs? He is a professional and that is his job, he cannot claim not to know what his client knows It may well be that Firestone has misinformed him of his legal address as a resident

of the State of Nevada, he ought to consult his client about that, not burden the court with the trivia only to delay justice. He well knows his client is a legal resident of the state of Nevada and therefore this is a dispute between, amongst other entities, two people with legal residence in two states since my legal residency is California.

Additionally, the damages to be proved at trial are sufficient to allow this court jurisdiction in the pending matter. The basis for their claim is the lack of identification of a statute giving the court the authority and demands dismissal, however, the Pro se Plaintiff has confidence that the court already knows its authority over these issues and begs continued mercy on technical details in order to justly correct a series of grievous wrongs done to Plaintiff and to resolve these wrongs without further delay or damage to the Plaintiff, and refused to believe the court is in the least bit confused by the Pro se Plaintiff's ignorance.

## Motion to Dismiss and Memorandum of Points and Authorities in Support of Motion to Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the factual allegations of a complaint. At this point, the Court accepts as true all the factual allegations of the complaint and draws all reasonable factual inferences in the light most favorable to the Plaintiff. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Mylan Lab., Inc. v. Matkari, 1 F.3d 1130, 1134 (4th Cir. 1993). A motion to dismiss is not a proper vehicle to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

However, the Memorandum of Points and Authorities in Support of Motion to Dismiss, for a More Definitive Statement, and to Strike claims because of the not financial inability of the Plaintiff to afford a legal expert. Is Counsel claiming to be so ignorant of law that he does not know that tortuous interference is a crime? Or is he asking for assistance from a Pro se Plaintiff to find the appropriate law? Plaintiff fully understand the court holding a legal expert to these higher standards but pleads the courts indulgence for this Pro se Plaintiff with no legal resources beyond the common access to the internet.

The misleading verbiage regarding copyright infringement misdirects the question away from the fact that Aqua Genesis LLC cannot claim to hold a trade secret, the intellectual property they claimed to the U.S. Navy that World Wide Assets was violating, if in fact two companies (Autek and AG) know what the design is and one of those parties has not agreed to assign said secret. Therefore, as stated in the complaint, the claim made by Defendant Lowery is false and misleading as well as tortuous interference with the lawful business of Plaintiff and in fact did exactly that, interfered.

Federal Rule of Civil Procedure 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 127 S. Ct. at 1964 (citations omitted). The factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965. It suffices if the complaint expressly alleges facts that, if assumed to be true, establish a legally cognizable right of action. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 145 n.8 (4th Cir. 1990) ("so long as a plaintiff colorably states facts which, if proven, would entitle him to relief, the motion to dismiss should not be granted.") (quoting Adams v. Bain, 697 F.2d 1213, 1216 (4th Cir. 1982)). If, however, the alleged facts, taken as true, do not definitively establish that right of action, they must at least provide "plausible grounds to infer" that a claim exists. Twombly, 127 S. Ct. at 1965.

Where, as here, the Complaint relies on express factual allegations that, without the need to make further inferences, establish a right to relief, the Twombly "plausible grounds to infer" standard does not come into play, and a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. (citation omitted). This standard is not unique to antitrust cases. Twombly was an antitrust case, the Court neither "appl[ied] any heightened pleading standard" nor "require[d] heightened fact pleading of specifics." 127 S.Ct. at 1973 & n.14.

The judge is clearly "savvy" enough to understand the "plausible grounds to infer" the claims, unless counsel for the defense wishes to dispute that. The fact that this Pro se Plaintiff neglected to mention that his wife and WWA were the members of Autek at

the time of these creative works, and that his wife subsequently exited the membership which is now fully owned by WWA, which, in turn is majority owned by the Plaintiff does not mean that the Plaintiff is not the real party, it only means that the Defendants claim not to understand the facts there were well aware of to simply delay justice and cause more damage. Plaintiff is not suing on behalf of WWA or Autek, but for personal damages.

Since the Plaintiffs damages are accumulating with time, he cannot understand why the Defendant is attempting to delay for further damages to accumulate.

## Motion for Sanctions

The Complain requests a Restraining Order against Firestone and AG specifically because of damages already done, some of which are time critical and all of which damage the Plaintiff over time. Yet here, the Defendant's counsel attempts to delay justice by many thinly veiled motions and accusations.

The Plaintiff begs the court to sanction the defense counsel from further delay tactics since this is not only unfair but causes further damaged to Plaintiff precisely because of time and requests the court issue the restraining order as soon as possible.

The Plaintiff has every confidence in the court and, failing procedural requirements, is ready to present arguments to the court without delay.

The Complain presents "plausible grounds to infer" that a tort has been committed and this is clear to any natural or trained speaker of the English language.

The purpose of the Complaint is not to convict the Defendants, rather, it is a tool to use to motivate the Court to compel and answer for the accusations made in the complaint at trial.

It is not an end to itself, it is a means to the end. The Complain states with "reasonable particularity" what the torts committed by the Defendants are and therefore deserves to be heard by the Judge without further delay tactics by Counsel.

## Memorandum P.6-7 pp B.

The Defendant claims not to have known about the relationship between the Plaintiff and the U.S. Navy but somehow just happened to call the correct party in the correct office and just happened to claim that WWA was using AG's intellectual property which just happened to cause the negotiations for multiple desalination facilities to

immediately stop. The simple probability of this reduces his argument to absurdity and the case ought to continue in light of these absurd claims.

### Memorandum P.8-9 pp D.

The Memorandum of Points and Authorities claims that "plaintiff does not own the asserted copyrights and is therefore not the real party of interest even in light of the expressed relationships in the complaint and the fact that the drawings created by him at Autek remain in his and his wife's possession with the company name on them, and then have never been compensated for those drawings even though their resources were used to create them.

As for the idea purported by the Memorandum that there was no copyright violation, the Plaintiff has first had knowledge that Douglas Firestone used those drawings to create components for the first of the prototypes because not only was Plaintiff party to the transactions where the drawings were used, Plaintiff was asked by Douglas Firestone to participate in the creation of some of those components and the drawings were present at the time and used as reference for their creation. The issue of permission and rights arose with Firestone's severing of the business relationship with Plaintiff followed by an unlawful attempt to take the Intellectual Property out of the LLC via a perjured bankruptcy filing thus attempting to deprive Plaintiff of future benefits of his work, and, as owner of the engineering drawings through ownership of the various entities, exerts his rights to those drawings which then falsifies AG's claim to a Trade Secret. Such claim of protected IP rights was made to Officers in Admiral Hering's staff by Defendants representing AG at the direction, or at minimum with the full knowledge and support of the Firestones by Mrs. Firestone's brother, who had already represented to my Director at SDSU, Associate Professor Eric Frost that he represented Aqua Genesis LLC. (By way of clarification, Associate Professor Eric Frost is regular faculty at SDSU, therefore the Director of ICATS, Plaintiff is Adjunct Faculty with the SDSU College of Sciences, therefore is Director of Operations of ICATS. Adjunct Faculty receive no salary.)

### Memorandum P.9 pp E.

Pertaining to the Memorandum's objection to Plaintiff's Sixth Cause of Action, the misrepresentation was made to the U.S. Navy about Plaintiff using the protected intellectual property rights of AG, which claim if false both in that they have no

1  rights to protect (Autek LLC also "knows" intellectual details of the device and has
2  signed no agreements with AG, such agreements were signed by Newcomb and Firestone as
3  members of AG and about the specific design used at the time of the agreement to
4  assign the rights to AG, and not of the earlier design which includes the evaporator
5  unit which is the only unique creative work as the dehydration technique is a common
6  technique in the field) and Plaintiff is not using the design they falsely and
7  maliciously claimed he did. This is fraud and it interfered with the lawful business
8  of Plaintiff.

### Memorandum P.10-11 Sec. III

9  
10 Approaching the court for the first time ever, then as a Pro se Plaintiff, the
11 Plaintiff appreciates the courts leniency in procedural matters as he struggles
12 against wealthy defendants, heirs to the Firestone fortune (Douglas Firestone is the
13 Trustee), and will attempt to be more diligent in following up in the future with
14 procedures with which he is unfamiliar and facing a legal professional. Also,
15 Plaintiff understands the court will sort out the correct accusations and disregard
16 others in its pursuit of justice and asks only for the opportunity to present the
17 wrongs done before the court, and there, only for justice and nothing more.
18 This is one reason Plaintiff asks for this to be heard by a Judge, to justly make up
19 for Plaintiffs insufficiencies as she has already helped with by her actions.
20 Written in plain English and chronological order for clarification, the Complaint can
21 be read and understood by non-legal English speakers and certainly lacks the polished
22 legal writings of the professional Motions filed on behalf of the Defendants who are
23 exercising their legal rights after the often quoted phrase of Mr. Firestone, "In
24 Court, you receive whatever justice you can afford to buy." I can afford only the
25 filing fees precisely because of my unpaid work for Firestone and hope his statement
26 is proved false, however, his Motions reflect this sentiment.
27 Legal knowledge must not be confused with justice. Plaintiff's lack of legal knowledge
28 and procedure does not mean he ought not receive justice because of the legal
29 expertise of the Defendant's counsel and his ability to pay for such counsel. His
30 misrepresentation of the Complaint as a "Shotgun pleadings" may be appropriate of
31 counsel were employed in its design, however, it is the attempt of this inexperienced
32 writer at clarification, an attempt to show the court a pattern of behavior and

Plaintiff is confident the court can understand the Complaint. Further, Plaintiff is happy to have the court hear and judge the case as is, and if the Complaint is judged to be insufficient borrow against his home to pursue justice at all cost if need be understanding he is facing the Firestone Trust and $12,000,000 in opposition and entering the court for the first time, Pro se against the very person who handled an 11 year lawsuit on behalf of the Firestone Family where money is no object to protracted litigation against his own relation.

### Memorandum P.11-12 pp B.

Counsel claims not to understand interchangeable terms used in intellectual property rights ("IP" vs "trade secret") but falsely claims confusion with the term "copy right." Since, when a trade secret is the only intellectual property owned by a company, the terms are in fact synonymous and in English, and since synonymous terms can be used interchangeable (synonymously) is Mr. Papaefthimiou claiming not to understand plain English? This is disingenuous, however, he is representing and speaking for Douglas Firestone who has full and intimate knowledge of the "IP" or Intellectual Property and fully understands that his company, Aqua Genesis Ltd (NV) only claims to own intellectual property of a Trade Secret. How can counsel claim to be confused when he represents someone who fully knows this and who himself uses those terms interchangeably? Did he forget to consult with his client or is he using this convenience to delay justice? There seems to be a dichotomy in his Memorandum of what he knows and what he doesn't know according to the convenience of the legal expert against an opponent without the convenience of a legal expert.

### Memorandum P.12-13 Sec. IV

While I agree with Mr. Papaefthimiou that this is a scandalous matter, the Plaintiff is not the perpetrator of the scandal, his clients are. Once more the verbiage used in the Complaint may have repetition, this repetition in law happens whenever one reasserts all previous allegations by reference so I am genuinely confused when my repetitiousness or reasserting text concerning the criminal acts executed to my harm becomes the subject of argument, but especially by the phrase in defense of his motion to strike stated that "A 'redundant' matter consists of allegations . . .which are foreign to the issue. . ." This is simply not the case, the redundancy is use only to bring back to mind the torts committed by the Defendants and Plaintiff does not

1  believe the characterizations of counsel or "shotgun" or "redundant" or "immaterial"
2  or "impertinent" or "scandalous" in any way fit when someone with the wealth of the
3  Firestones commits torts against someone who worked without compensation for years
4  decides they are impertinent.
5  I object to the word "impertinent" as smacking of class distinction by the Firestones.
6  Webster's defines "impertinent" as ". . .not restrained within due or proper bounds
7  especially of propriety or good taste . . .given to or characterized by insolent
8  rudeness."
9  Plaintiff understands that Douglass Firestone is from one of the wealthiest families
10 in American history, however, the use of demeaning or class distinctive words before
11 the court lowers the level of discussion nearly beyond belief.

## Conclusion

Plaintiff believes he is acting within his rights, has done the best job as a Pro se litigant that he knows to do, thanks the court for its grace to date, begs the courts continued indulgence of his ignorance of procedure, and respectfully asks for a swift and speedy trial of the Complaint to hasten justice on his behalf.

Dated this 2ND day of September 2008
Respectfully submitted:

*[signature]*

Ronald A. Newcomb
5514 Waring Rd,
San Diego CA 92120-1952