Darren J. Quinn (149679)
Alexander E. Papaefthimiou (236930)
LAW OFFICES OF DARREN J. QUINN
12702 Via Cortina, Suite 105
Del Mar, CA 92014
Tel: (858) 509-9401

*Attorneys for Defendants Douglas Firestone and Candice Firestone*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD A. NEWCOMB, as Minority Member of Aqua Genesis Ltd. (NV), and as majority member of World Wide Assets LLC (DE), and Autek, LLC (CA) owned by World Wide Assets LLC, together,<br><br>          Plaintiff,<br><br>     v.<br><br>DOUGLAS FIRESTONE, as an individual, and as controlling Majority Member and COO of Aqua Genesis Ltd. (NV), CANDICE (LOWERY) FIRESTONE, and DENNIS LOWERY, together,<br><br>          Defendants. | CASE NO. **08-cv-1161-H (POR)**<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS, FOR A MORE DEFINITE STATEMENT, AND TO STRIKE**<br><br>[Fed. Rul. Civ. Proc. 12(b), (e), and (f)]<br><br>Date:           Vacated<br>Time:          Vacated<br>Department: 14<br>Judge:         Hon. Marilyn L. Huff |

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................... 1

II.  THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER
     JURISDICTION [Rule 12(b)(1)] .................................... 2

     A.   This Court Lacks Diversity Jurisdiction ..................... 2

     B.   This Court Lacks Federal Question Jurisdiction .............. 3

III. THE COMPLAINT, AND THE CAUSES THEREIN, SHOULD BE DISMISSED FOR
     FAILURE TO STATE A CLAIM [Rule 12(b)(6)] ........................ 3

     A.   Plaintiff's First Cause Of Action For Unfair Competition .... 3

     B.   Plaintiff's Second Cause Of Action For Interference With Prospective Economic
          Advantage .................................................. 4

     C.   Plaintiff's Fourth Cause Of Action For "Civil Conspiracy, Aiding And Abetting"
          ............................................................ 5

     D.   Plaintiff's Fifth Cause Of Action For "Copyright Infringement, Conversion" ... 5

     E.   Plaintiff's Sixth Cause Of Action For Negligent Misrepresentation ........... 6

IV.  IN THE EVENT THE COMPLAINT IS NOT DISMISSED, PLAINTIFF SHOULD BE
     REQUIRED TO GIVE A MORE DEFINITE STATEMENT OF HIS CLAIMS [Rule
     12(e)] .......................................................... 6

V.   CONCLUSION ...................................................... 7

Defendants DOUGLAS FIRESTONE ("Mr. Firestone") and CANDICE (LOWERY) FIRESTONE ("Mrs. Firestone") respectfully submit the following reply in support of their motion to dismiss, for a more definite statement of, and to strike portions of the Complaint filed herein by RONALD A. NEWCOMB ("Newcomb") as a purported minority member of Aqua Genesis Ltd. ("Aqua Genesis") and purported majority member of World Wide Assets, Ltd. ("WWA") and Autek LLC ("Autek").

**I.      INTRODUCTION**

Plaintiff Newcomb's late Opposition[1] contains little in the way of proper or substantive argument directed at the issues and authorities clearly set forth in defendants' opening Memorandum.[2] What the Opposition contains in abundance are improper references to impertinent matters outside of the complaint, which should not be considered by this Court. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("extraneous evidence should not be considered"); *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991) ("In evaluating the motion, the Court looks only to the face of the complaint"). The Opposition also contains numerous attacks against defendants and their counsel for pointing out the myriad deficiencies in Newcomb's Complaint. Newcomb goes so far as to include an unsupported request for sanctions for defendants' supposed "delay tactics" in filing a procedurally proper motion to dismiss.

Newcomb's *pro se* status does not grant him free license.[3] His pleas for sympathy cannot

---

[1]     All references to the "Opposition" refer to the untimely filed Memorandum Of The Plaintiff In Opposition To Defendants Motion To Dismiss [Docket No. 7].

[2]     All references to the "Memorandum" refer to defendants' Memorandum Of Points And Authorities In Support Of Motion To Dismiss, For A More Definite Statement, And To Strike [Docket No. 5-2].

[3]     This Court should not consider Newcomb's statements, made outside of the Complaint, that he lacks in "legal knowledge and procedure," is an "inexperienced writer" and has "no legal resources beyond common access to the internet." *See* Opposition at Pg.3:29-32 and 7:27. To the extent the Court is inclined to consider such matters, it should also consider that, on http://members.cox.net/newcomb1, professor Newcomb touts his Associate's Degree in Law from Miramar College, as well as his membership in MENSA ("high I.Q. society") and Intertel ("higher

change the fact that he filed a baseless Complaint in the wrong court. It should be noted that nothing in Newcomb's Complaint or Opposition supports any finding of liability on the part of Mrs. Firestone. Newcomb cannot abuse the legal process and force innocent parties into court merely because he has elected to not obtain counsel. As the Court is well aware, legal counsel can be retained on a contingency basis or, in Newcomb's case and by his own admission, obtaining a loan against property. *See* Opposition at Pg.8:1-3 ("Plaintiff is happy to...borrow against his home").

As discussed more fully below, the arguably substantive arguments made by Newcomb in his Opposition are not sufficient to save his improper Complaint. Accordingly, defendants respectfully request that the Complaint be dismissed without leave to amend.

## II.  THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION [Rule 12(b)(1)]

### A.  This Court Lacks Diversity Jurisdiction

Newcomb argues in his Opposition that the Complaint properly alleges subject matter jurisdiction based upon the following allegations:

> 18.  Ronald A. Newcomb, Minority member of Aqua Genesis Ltd. (NV), Majority Member of World Wide Assets LLC (owner of Autek LLC and successor to Global Trade Services LLC), 5514 Waring Rd., San Diego, CA 92120.
>
> 19.  Douglas B. Firestone, legal residence, 344 Cascade Mist Avenue, Las Vegas, NV 89123 but shown by Clark County Records of Parcel Number 177-21-613-029 to be <u>residing at 9182 Tonya Lane, Santee, CA 92071</u> as an individual and as Trustee of the Firestone Trust.

Opposition at Pg. 2:20-26 *citing* Complaint ¶¶18-19 (Emphasis added).

The foregoing allegations are not sufficient as a matter of law. As explained in defendants' Memorandum, complete diversity is required to support jurisdiction, which means that jurisdiction is only proper if the plaintiff is a citizen of a different state than **each** of the defendants. *Munoz v. Small Business Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981) (lack of diversity as between the plaintiff and a single defendant is sufficient to defeat diversity jurisdiction). Despite this clear rule, Newcomb continues to assert diversity jurisdiction based upon the purported diversity between

I.Q. society"). He also mentions that his son is attending U.S.D. Law School, which gives him access to Lexis, Westlaw and a large law library.

Newcomb and a *single defendant*, Mr. Firestone. As for Mrs. Firestone, diversity fails because Newcomb's sole allegation arguably relating to her citizenship is that her last known residence is in California. *See* Complaint at ¶19. As for Mr. Lowery, diversity fails because Newcomb fails to make any allegation relating to his citizenship and instead alleges that his address is "unknown." *Id* at ¶20.

Even if complete diversity were not required, which it is, Newcomb's allegations do not properly establish diversity as between Newcomb and Mr. Firestone. Newcomb fails to satisfactorily allege that he is a citizen of California or that Mr. Firestone is a citizen of Nevada. As clearly stated in defendants' opening papers "[t]o show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Newcomb disregards this definition of "citizenship." He also fails to establish diversity jurisdiction as a matter of law because he fails to allege that either he or Mr. Firestone is a citizen of the United States. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("To be a citizen of a state, a natural person must first be a citizen of the United States"). Finally, Newcomb's allegations indicate that Mr. Firestone is domiciled in California, not Nevada. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there").

**B.     This Court Lacks Federal Question Jurisdiction**

Newcomb fails to offer any argument regarding the failure of his Complaint to establish federal question jurisdiction. *See* Memorandum at §I.B., Pg. 3:16-4:7. His failure should therefore be considered conceded.

**III.   THE COMPLAINT, AND THE CAUSES THEREIN, SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM [Rule 12(b)(6)]**

**A.     Plaintiff's First Cause Of Action For Unfair Competition**

Newcomb fails to offer any argument regarding the failure of his Complaint to state a cause of action for unfair competition. *See* Memorandum at §II.A., Pg.5:16-6:5. His failure should therefore be considered conceded.

### B. Plaintiff's Second Cause Of Action For Interference With Prospective Economic Advantage

Newcomb's opposition offers little on the issue of his standing to pursue an action in which corporate entities are the real parties in interest. *See* Memorandum at §II.B., Pg.6:7-7:13. All Newcomb offers is the following:

> The fact that this Pro se Plaintiff neglected to mention that his wife and WWA were the members of Autek at the time of these creative works, and that his wife subsequently exited the membership which is now fully owned by WWA, which, in turn is <u>majority owned by the Plaintiff</u> does not mean that the Plaintiff is not the real party...Plaintiff is not suing on behalf of WWA or Autek, but for personal damage.

Opposition, Pg.4:31-5:6 (Emphasis added).

As a preliminary matter, any facts presented by Newcomb in his opposition that are outside of the Complaint should not be considered by the Court. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("extraneous evidence should not be considered in ruling on a motion to dismiss").

Even if the new facts in Newcomb's argument were properly considered, his argument would not be availing. First, as explained in the Memorandum, a cause of action for interference requires an economic relationship between **the plaintiff** and a third party. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1153 (2003). Newcomb has not disputed the numerous allegations in his Complaint that the supposed economic relationship was between the United States Navy and **WWA**, not plaintiff Newcomb, and these allegations cannot be contradicted by a later "sham" pleading. *See* Memorandum at §II.B., Pg.6:7-20; *See also Schreiber Distrib. Co.*, 806 F.2d at 1401 (leave to amend properly denied where "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency"); *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1324 (1998) (Court disregards inconsistent facts alleged in amended pleading as "false and sham").

Second, as Newcomb concedes that as WWA is allegedly "majority owned" by Newcomb, any harm he allegedly suffered was as a result of a harm to WWA. This is also dispositive. *Shell Petroleum, N.V. v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983) ("To have standing to maintain an action, a shareholder must assert more than personal economic injury resulting from a wrong to the

corporation...A shareholder must be injured directly and independently of the corporation").

Regarding Newcomb's impertinent assertion that defendants are "so ignorant of the law" that they supposedly require assistance from Newcomb to identify the elements of "tortuous interference," the elements of the tort of interference with prospective economic advantage are set forth in *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003). *Korea Supply Co.* was cited by defendants in their Memorandum. *See* Memorandum at §II.B., Pg.7:13-22.

As discussed in the Memorandum, Newcomb has failed to allege each of the required elements as to both Mr. Firestone and Mrs. Firestone. *Id*. Newcomb argues that the Court can "infer" that "defendant" had knowledge of the purported economic relationship between WWA and the United States Navy because "Defendant...just happened to call the correct party in the correct office and just happened to claim that WWA was using AG's intellectual property..." Opposition at Pg.5:30-31. Newcomb confuses the parties that he forced into Court. In Newcomb's Complaint, he alleges that **defendant Lowery**, not Mr. Firestone or Mrs. Firestone, made the allegedly wrongful telephone call to the United States Navy. *See* Complaint at ¶16. Furthermore, the Memorandum does not state that Newcomb has failed to allege that Mr. Firestone knew of the supposed economic relationship, and instead makes that assertion with respect to Mrs. Firestone. Indeed, Newcomb has failed to allege any basis for recovery against Mrs. Firestone.

**C.    Plaintiff's Fourth Cause Of Action For "Civil Conspiracy, Aiding And Abetting"**

Newcomb fails to offer any argument regarding the failure of his Complaint to state a cause of action for "civil conspiracy, aiding an abetting." *See* Memorandum at §II.C., Pg.7:24-8:2. His failure should therefore be considered conceded.

**D.    Plaintiff's Fifth Cause Of Action For "Copyright Infringement, Conversion"**

Very little of Newcomb's Opposition concerns his sole claim that could arguably arise under Federal Law, which is his claim for "Copyright Infringement, Conversion."

In regards to the Complaint's clear allegations that Autek, and not Newcomb, owns the alleged copyrights at issue, Newcomb puts forth the following argument:

> The Memorandum of Points and Authorities claims that "plaintiff does not own the asserted copyrights and is therefore not the real party in interest ["-sic] even in light of the <u>expressed relationships</u> in the complaint and the fact that the drawings created by him <u>at Autek</u> remain in his and his wife's possession <u>with the company name on them</u>, and then have never been compensated for those drawings even though their resources were used to create them.

Opposition at Pg. 6:4-9 (Emphasis added). Even if these additional facts were properly considered in connection with a motion to dismiss, which they are not, they do nothing to contradict Newcomb's prior allegations that Autek owns the copyrights. In fact, Newcomb concedes that the alleged copyrights have "the company name on them" and that they were created "at Autek." *Id*. Finally, the "expressed relationships in the complaint," presumably Newcomb's relationship as a shareholder of Autek, do not give Newcomb standing. *Shell Petroleum, N.V.*, 709 F.2d at 595 (shareholder does not have standing to redress an injury to the corporation) *citing Sherman v. British Leyland Motors, Ltd.*, 601 F.2d 429, 439-40 (9th Cir. 1979) (sole shareholder had no standing to assert either federal or state law claims). As the foregoing allegations cannot be contradicted by Newcomb's later pleadings, the fifth cause of action in the Complaint should be dismissed without leave to amend. *Schreiber Distrib. Co.*, 806 F.2d at 1401; *Bradley*, 136 F.3d at 1324.

### E. Plaintiff's Sixth Cause Of Action For Negligent Misrepresentation

Newcomb's opposition concedes that the allegedly false statements were made to the United States Navy, not plaintiff Newcomb. *See* Opposition at Pg.6:30-31. His claim for negligent misrepresentation must therefore be dismissed without leave to amend. *See* Memorandum at §II.E., Pg.9:18-10:4.

### IV. IN THE EVENT THE COMPLAINT IS NOT DISMISSED, PLAINTIFF SHOULD BE REQUIRED TO GIVE A MORE DEFINITE STATEMENT OF HIS CLAIMS [Rule 12(e)]

Plaintiff Newcomb argues that his *pro se* status somehow exempts him from Fed. Rul. Civ. Proc. 8(a)(2), which requires that a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rul. Civ. Proc. 8(a)(2). Newcomb is wrong:

> A pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). When the complaint is written by a pro se litigant, the pleading standards are relaxed and the complaint may be held to a less stringent standard. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). <u>A pro se litigant is still required, [*8] however, to make her claims intelligible in order to give the defendant fair notice of the claims and to allow the defendant a fair opportunity to respond to the claims, conduct discovery and motion practice, and defend itself at trial.</u>

*Ellis v. SmithKline Beecham Corp.*, 2007 U.S. Dist. LEXIS 90138 at *7-*8 (W.D. Wash. 2007) (Emphasis added); *See Calhoun v. Washington*, 2008 U.S. Dist. LEXIS 52151 (W.D. Wash. 2008) (motion for more definite statement granted against *pro se* plaintiff).

Newcomb's argument that the only "IP" at issue in the Complaint are the purported "trade secrets" underscores the need for a more definite statement. *See* Opposition at Pg. 8:9-22. It is elementary that copyrights, as well as trade secrets, are considered intellectual property. Newcomb's own confusion between copyrights and trade secrets is exemplified by the following excerpt from his Complaint: "Unpaid designs belong to the designer, in this case Autek, as the defendants well know, ergo, his claim to a Trade Secret is false as the disputed designs are copy rights [sic] of Autek." Complaint at Pg.2:8-10.

### V.   CONCLUSION

Based upon the foregoing, and the points and authorities set forth in the moving papers, defendants respectfully request that this Court dismiss the Complaint against them without leave to amend. In the alternative, defendants respectfully request that this Court dismiss the individual claims in the Complaint with prejudice. In the event the Court allows plaintiff leave to amend, defendants respectfully request that plaintiff be required to provide a more definite statement of his claims and omit redundant, immaterial, impertinent, and inflammatory allegations from his amended complaint.

Dated: September 4, 2008

                                            Respectfully submitted by,

                                            LAW OFFICES OF DARREN J. QUINN
                                            DARREN J. QUINN
                                            ALEXANDER E. PAPAEFTHIMIOU

                                            s/s Alexander E. Papaefthimiou
                                              Alexander E. Papaefthimiou

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: (858) 509-9401

*Attorneys for Defendants Douglas Firestone and Candice Firestone*

REPLY IN SUPPORT OF MOTION TO DISMISS
-8-
**08-cv-1161**

**PROOF OF SERVICE**

I am employed in the County of San Diego, State of California. I am over the age of 18 and am not a party to the within action; my business address is: <u>12702 Via Cortina, Suite 105, Del Mar, CA 92014</u>.

I served the foregoing documents described as:

−   **REPLY IN SUPPORT OF MOTION TO DISMISS, FOR A MORE DEFINITE STATEMENT, AND TO STRIKE** [Fed. Rul. Civ. Proc. 12(b), (e), and (f)]

upon the interested parties in this action.

The following are those who are currently on the list to receive e-mail notices for this case.

* Alexander E Papaefthimiou
  alex@dqlaw.com,dq@dqlaw.com

Manual Notice List

The following is the list of those who are not on the list to receive e-mail notices for this case (who therefore require manual noticing).

Ronald A Newcomb
5514 Waring Road
San Diego, CA 92120

I served the foregoing document(s) by placing

    [] the original enclosed in a sealed envelope to:

    [X] copies enclosed in sealed envelopes to:

Ronald A. Newcomb
5514 Waring Road
San Diego, California 92120

[X]   **VIA REGULAR MAIL** by depositing such envelope with United States Postal Service facility in San Diego, California with postage fully prepaid.

Dated:   September 4, 2008 at Del Mar, California.

                                                   s/s Alexander E. Papaefthimiou
                                                     Alexander E. Papaefthimiou